IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bobby Ponder, | ) | Case No. 2:23-cv-01924-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 11.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On June 26, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Petitioner's § 2254 habeas petition (the "Petition") be dismissed as successive and that Respondent's summary judgment motion be dismissed as well. [Doc. 19.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 9.] On July 10, 2024, Petitioner filed objections to the Report. [Doc. 21.]

**BACKGROUND**

The Magistrate Judge provided an accurate and thorough recitation of the facts and, therefore, the Court includes only the factual information necessary to address

Petitioner's objections.

Petitioner pled guilty on June 18, 1999, to multiple counts of armed robbery and one count of receiving stolen goods. [Doc. 19 at 2.] He received consecutive sentences of 30 years for each count he pled to, except for one armed robbery count, for which he received a 10-year sentence, to run consecutively. [*Id.*] In total, Petitioner received a sentence of 40 years' imprisonment. [*Id.*]

Following his sentence, Petitioner has filed three post-conviction relief ("PCR") actions in state court and has filed two prior federal habeas petitions in this Court. [*Id.* at 2–3.] His first federal habeas petition was filed on March 20, 2007, and raised a single ground for relief, namely, that his counsel was ineffective at his plea hearing. [*Id.* at 3.] The Court construed that petition to raise the following issues of ineffectiveness: (1) failure to investigate a defense of temporary insanity or to otherwise challenge competency; (2) failure to advise Petitioner that by pleading he would be subject to a sentence of life without parole; and (3) failure to file a direct appeal when asked to do so. [*Id.*] The Court considered Petitioner's claim and denied it on its merits. [*Id.*] The Fourth Circuit dismissed Petitioner's subsequent appeal. [*Id.*]

On June 4, 2012, Petitioner filed his second habeas action seeking relief for his 1999 convictions and sentence. [*Id.*] In this second petition, he raised claims of

prosecutorial misconduct, double jeopardy, and ineffective assistance of PCR counsel. [*Id.*] On September 17, 2012, the Court dismissed the petition as successive. [*Id.*]

On May 8, 2023, Petitioner filed the petition now before the Court (the "Petition"), seeking habeas relief, once again, from his 1999 convictions and sentence. [*Id.* at 4.] The Petition raises the following single ground for relief:

> **GROUND ONE:** Violation of U.S. and S.C. Constitutional Due Process, Civil Rights
>
> *Supporting Facts*: Statute I pled guilty to, Armed Robbery § (16-11-330) in South Carolina states specifically any convicted are sentenced under this statute is eligible for parole after serving seven years. South Carolina department of Corrections says I'm not eligible for parole. I've been incarcerated twenty four year. I've never been up.

[*Id.*]

On September 15, 2023, Respondent filed a return and motion for summary judgment. [Docs. 10; 11.] That same day, the Court issued an Order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the possible consequences if he failed to respond adequately to Respondent's motion. [Doc. 12.] Petitioner filed a response to Respondent's motion on September 28, 2023. [Doc. 14.]

On June 26, 2024, the Magistrate Judge issued the Report recommending that the Petition be dismissed as successive.[1] [Doc. 19.] The Magistrate Judge notes that, to qualify as successive, a petition must have been adjudicated on the merits. [*Id.* at 5.] The Magistrate Judge reasons that the Petition qualifies as second or successive because Petitioner had previously filed a petition challenging the same convictions and sentence that had been denied on the merits. [*Id.* at 6.] Because Petitioner does not

---

[1] The Magistrate Judge raised the issue of successiveness sua sponte. [Doc. 19 at 4–5.]

3

allege that he received permission from the Fourth Circuit before submitting the Petition to this Court, the Magistrate Judge recommends that the Petition be dismissed.[2] [*Id.* at 6–7.]

Finally, the Magistrate Judge reasons that the present case is distinguishable from a recent case, *In re Torrence*, 828 F. App'x 877, 878 (4th Cir. 2020), in which the Fourth Circuit held that a habeas petitioner was not required to obtain permission to file a second § 2254 petition because his parole eligibility had been changed and he had not been able to challenge his parole eligibility in that first § 2254. [Doc. 19 at 7.] The Magistrate Judge concludes that in this case, unlike in *Torrence*, "Petitioner has been ineligible for parole since he was first convicted and sentenced, and he makes no claims to the contrary," and he could have raised the parole-eligibility claim in his first habeas petition. [*Id.* at 7–8 (citing *Young v. Warden Evans Corr. Inst.*, No. 6:22-cv-02936-CMC-KFM, 2022 WL 18106498, at *1–4 (D.S.C. Dec. 1, 2022) (dismissing habeas petition when the petitioner raised the issue of parole eligibility in his third federal habeas petition, but he had been ineligible for parole since his conviction and sentencing), *Report and Recommendation adopted by* 2023 WL 24197 (D.S.C. Jan. 3, 2023)).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the

---

[2] Although the issue is not material to the recommendation, the Magistrate Judge also notes that Petitioner has not made any arguments that would have warranted the Fourth Circuit granting permission to file a successive petition. [Doc. 19 at 6.]

4

Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

### **DISCUSSION**

In his objections, Petitioner argues that the Petition "is not successive because it's based on New Found Law in [*Bolin v. South Carolina Department of Corrections*, 781 S.E.2d 914 (S.C. Ct. App. 2016)]." [Doc. 21.] Petitioner maintains that *Bolin* demonstrates that the South Carolina Department of Corrections has been incorrectly interpreting the armed robbery statute in his case and that, like the prisoner in *Bolin*, he is entitled to parole. [*Id.*] The Court overrules Petitioner's objection.

As the Report explains, the Petition is successive because a prior habeas petition of Petitioner's challenging the same convictions and sentences was decided on its merits. [Doc. 19 at 5–6.] And because Petitioner could have raised his current claim in his first § 2254—since he has been ineligible for parole ever since he was convicted and sentenced—the *Torrence* exception to the requirement that a petition obtain permission from the Fourth Circuit to file a successive petition does not apply. [*Id.* at 7–8.] With Petitioner not having alleged that he has sought or received permission from the Fourth

5

Circuit before submitting this successive petition to this Court [*id.* at 6], this Court lacks subject-matter jurisdiction over this action, and the action is therefore dismissed without prejudice.[3]  See *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (holding that a dismissal for lack of subject-matter jurisdiction must be without prejudice).

## CONCLUSION

For the reasons discussed, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Thus, the action is DISMISSED without prejudice, and Respondent's summary judgment motion [Doc. 11] is FOUND AS MOOT.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

---

[3] As the Magistrate Judge explained [Doc. 19 at 6–7], to the extent Petitioner contends that his claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), it is the Fourth Circuit rather than this Court from which Petitioner must permission to file a successive habeas petition, *see* 28 U.S.C. § 2244(b)(3)(A).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 30, 2024
Charleston, South Carolina